UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSICA PLAZA MARTINEZ,

      Plaintiff,

v.                            Case No.: 2:23-cv-721-JLB-KCD

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## REPORT & RECOMMENDATION

Plaintiff Jessica Plaza Martinez sues under 42 U.S.C. § 405(g) to challenge the Commissioner of Social Security's decision denying her application for disability benefits. (*See* Doc. 1.)[1] For the reasons below, the Commissioner's decision should be affirmed.

## I. Background

Martinez filed for disability benefits in 2020. (*See* Doc. 16.) Her application was denied initially and again upon reconsideration. (Tr. 172, 185.)[2] She then requested further review before an administrative law judge

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Citations to the administrative record are designated by "Tr." followed by a pin-cite where applicable.

("ALJ"), who likewise rejected her application. Pertinent here is the ALJ's assessment of a particular physician—Dr. Andrea Pellegrini, Psy.D.

Martinez saw Dr. Pellegrini for a consultative psychological evaluation in 2021. Dr. Pellegrini diagnosed Martinez with bipolar I disorder and opined:

> she is likely to have difficulty sustaining her attending, concentrating and persisting on work related tasks in an efficient and productive manner at this time. She is also likely to be very easily triggered by interpersonal stressors often experienced with co-workers and supervisors within a competitive work environment. She may become agitated and easily antagonistic as described in her previous employment situation.

(Tr. 680.)

Although the ALJ ultimately found Martinez could work (and thus not disabled), he credited Dr. Pellegrini as "persuasive." (Tr. 155.)[3] The ALJ elaborated that Dr. Pellegrini's opinion comes "from an evaluating source whose . . . findings are supported by the examiner's report and are consistent with the other substantial evidence of record." (*Id.*)

Martinez appealed to the Appeals Council and prevailed. (Tr. 164-65.) The ALJ's unfavorable decision was vacated, and the case went back for another hearing. But after taking further evidence, the ALJ once again found Martinez not disabled. (*Id.* at 7-26.) And the second time around, the ALJ had a different view of Dr. Pellegrini:

---

[3] The ALJ incorrectly refers to Dr. Pellegrini as "Pellegrino." (Tr. 155.) The parties seemingly agree this is a typo, and so the Court will do the same.

2

> The psychological consultative examiner assessed the claimant as likely having difficulty sustaining attention, concentration, and persistence on work related tasks in an efficient and productive manner at this time. The claimant was likely to be very easily triggered by interpersonal stressors often experienced with coworkers and supervisors within a competitive work environment. She might become agitated and easily antagonistic (Exhibit B6F/Page 7). The undersigned finds this opinion not persuasive because it is not supported by the record. Rather, mental status evaluations were generally within normal limits.

(Doc. 23.)

Martinez exhausted her administrative remedies and now appeals the ALJ's second unfavorable ruling. (Doc. 16.) She presses one issue on appeal: the ALJ "failed to properly consider Dr. Pellegrini's opinion." (*Id.* at 7.)

## II. Standard of Review

"It is the ALJ's job to evaluate and weigh evidence and to resolve any conflicts in the record." *Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021). Therefore, "[r]eview of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied." *Holland v. Comm'r of Soc. Sec.*, No. 2:21-CV-858-KCD, 2023 WL 2300593, at *2 (M.D. Fla. Mar. 1, 2023). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a

3

preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). As the Supreme Court has explained, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Id.*

### III. Discussion

As mentioned, Martinez challenges the ALJ's assessment of a medical opinion. "A medical opinion is a statement from a medical source about what the claimant can still do despite her impairment(s) and whether she has one or more impairment-related limitations or restrictions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "When confronted with a medical opinion, the

ALJ must consider its persuasiveness using several factors: (1) supportability; (2) consistency; (3) relationship with the claimant, (4) specialization; and (5) other factors." *Mercado v. Comm'r of Soc. Sec.*, No. 6:22-CV-287-DCI, 2023 WL 145154, at *1 (M.D. Fla. Jan. 10, 2023).

Supportability and consistency "are the most important factors" in determining persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Therefore, the ALJ must explain "how [he] considered the supportability and consistency factors for [each] medical source's medical opinions." *Id.* Put simply, the ALJ must assess the factors of supportability and consistency for each medical opinion. *Thomas v. Comm'r of Soc. Sec.*, No. 6:21-CV-100-EJK, 2022 WL 14816626, at *2 (M.D. Fla. Aug. 3, 2022).

"Supportability" refers to whether the doctor's medical opinion finds support within the "objective medical evidence" they cite. 20 C.F.R. §§ 404.1520c (c)(1); 416.920c(c)(1). "Consistency" is a measure of how the medical opinion aligns with evidence from other sources (medical and nonmedical). 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2). To state the obvious, a medical opinion is more persuasive if it is supported by the doctor's own evidence and consistent with the remaining record.

"[C]onclusory statements about consistency and supportability are insufficient to show that substantial evidence supports the ALJ's decision." *Mercado*, 2023 WL 145154, at *5. That said, "there is no rigid requirement that

the ALJ specifically refer to every piece of evidence." *Marone v. Comm'r of Soc. Sec.*, No. 2:14-CV-616-FTM-CM, 2016 WL 1253575, at *7 (M.D. Fla. Mar. 31, 2016). What matters is whether "a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of [the] medical opinions." *Works v. Saul*, No. 4:19-CV-01515-MHH, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021).

Martinez's chief complaint is that the ALJ changed his assessment of Dr. Pellegrini from the first decision to the second. (*See* Doc. 16 at 8-9 ("Rather than fulfill this obligation with the current decision, the ALJ suddenly decided Dr. Pellegrini's decision was not persuasive[.]")). If Martinez is arguing the ALJ could not re-evaluate Dr. Pellegrini's opinion on remand, she is wrong. *See Weidner v. Comm'r of Soc. Sec.*, No. 8:21-CV-673-JSS, 2022 WL 3152706, at *5 (M.D. Fla. Aug. 8, 2022); *Battle v. Comm'r of Soc. Sec.*, No. 2:20-CV-96-NPM, 2021 WL 1207757, at *6 (M.D. Fla. Mar. 31, 2021). And there is "no legal authority that requires the ALJ to explain why he did not abide by the findings in a vacated prior decision." *Battle*, 2021 WL 1207757, at *6.

Martinez also suggests that the Appeals Council's remand order required the ALJ to accept Dr. Pellegrini's opinion. (Doc. 16 at 13.) Not so. "An ALJ may take any additional action that is not inconsistent with the Appeals Council's order." *Mendez v. Comm'r of Soc. Sec.*, No. 20-14026, 2021 WL 3163765, at *2

(11th Cir. July 27, 2021). Nothing in the remand order here limited the ALJ in such a fashion. (*See* Tr. 164-65.)

As for whether the ALJ followed the above regulations when assessing Dr. Pellegrini's opinion, the Court agrees with the Commissioner that there was no error. Starting with supportability, the ALJ noted that Dr. Pellegrini's opinions conflicted with other evidence from the examination, including that Martinez presented with lower to average intelligence and "abstraction skills were overall fair." (Tr. 23, 679.) Although not overly robust, this analysis is enough to uphold the ALJ's decision. *See Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *3 (11th Cir. Dec. 28, 2023); *see also Nicole P. v. Comm'r, Soc. Sec. Admin.*, No. 1:20-CV-4135-CCB, 2022 WL 17079057, at *7 (N.D. Ga. June 13, 2022) ("[A]n ALJ does enough . . . by cit[ing] to specific pieces of inconsistent evidence in the record.").

Substantial evidence supports the ALJ's consistency finding too. The ALJ contrasted Dr. Pellegrini's opinion with records where Martinez presented with no cognitive deficits and overall normal memory (Tr. 669), appropriate behavior and normal attention (Tr. 502, 707), and fair insight and judgment (Tr. 1080). While this record may not be enough to satisfy Martinez, it is sufficient under the standard of review applicable here. *See, e.g.*, *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197-RBD-DCI, 2021 WL 1565832, at *5 (M.D. Fla. Apr. 6, 2021) (finding the ALJ's consideration of a medical opinion

suffced where it "set[ ] forth specific citation to the record" and indirectly addressed the supportability and consistency factors); *Harner v. Saul*, No. 4:19-CV-01808-MHH, 2021 WL 1208866, at *17 (N.D. Ala. Mar. 31, 2021) (upholding AJL's rejection of medical opinion where he cited to "specific pieces of inconsistent evidence in the record").

Martinez accuses the ALJ of "cherry-pick[ing] objective findings while ignoring probative subjective evidence." (Doc. 16 at 9.) But the ALJ considered (and rejected) her subjective complaints. (*See* Tr. 20, 24.) Martinez offers no substantive argument against the ALJ's credibility assessment, and so that issue has been waived. In any event, "it is not cherry-picking for the [ALJ] to specify the evidence that supports his conclusion." *Spencer v. Kijakazi*, No. 8:21-CV-946-WFJ-TGW, 2022 WL 8224085, at *4 (M.D. Fla. Aug. 26, 2022).

As mentioned, what matters is whether "a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of [the] medical opinions." *Works*, 2021 WL 690126, at *15. There is enough here for meaningful review. The ALJ discussed Martinez's testimony and subjective complaints, the medical treatment records, and each of her consultative exams. (Tr. 15-26.) Then, in assessing Dr. Pellegrini's opinions, the ALJ referred to the record and recited several reasons for discounting her conclusions. Nothing more is needed. *See, e.g.*, *Martinez v.*

*Saul*, No. 620CV00807ORLDCI, 2021 WL 3550347, at *3 (M.D. Fla. Aug. 11, 2021).

## IV. Conclusion

Considering the record as a whole, substantial evidence supports the ALJ's findings and Martinez has failed to show error. Accordingly, it is **RECOMMENDED** that the Commissioner be **AFFIRMED** and judgment be entered against Martinez.

**Recommended** in Fort Myers, Florida on April 3, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.