UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSICA PLAZA MARTINEZ,

    Plaintiff,

v.   Case No: 2:23-cv-721-JLB-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Jessica Martinez appeals the Commissioner of Social Security Administration's final decision denying her claim for disability insurance benefits. (Doc. 1 at ¶ 2). The Magistrate Judge issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision. (Doc. 23). Upon careful review of the entire record, including the transcript of the administrative proceedings as well as the Report and Recommendation and Ms. Martinez's timely objection (Doc. 25) to it, the Court **ADOPTS** the Report and Recommendation (Doc. 23) and **AFFIRMS** the Commissioner's decision.

## LEGAL STANDARD

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

In this Social Security appeal, the Court must determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's. *Id.* Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## DISCUSSION

Ms. Martinez raises one "objection" to the Magistrate Judge's Report and Recommendation. (Doc. 25 at 1). Specifically, she contends that this Court "should decline to adopt the Magistrate Judge's finding that the ALJ properly considered Dr. Pellegrini's opinion." (*Id.* at 1–3). Upon review, the Court finds Ms. Martinez's objection unpersuasive.

The Social Security Administration revised its regulations regarding the consideration of medical evidence for all claims filed after March 27, 2017. *See* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Ms. Martinez filed her

claim for disability insurance benefits on September 18, 2020. (Doc. 12-5 at 11-12). Thus, the revised regulations apply. *See* 20 C.F.R. § 404.1520c.

"A medical opinion is a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions . . . ." 20 C.F.R. § 404.1513(a)(2). When discussing medical opinions, an ALJ need not assign specific evidentiary weight to any medical opinion in the record. 20 C.F.R. § 404.1520c(a). But, the ALJ must consider five factors in evaluating the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors. *Id.* § 404.1520c(c)(1)-(5). While the ALJ must consider those five factors, the ALJ is only required to discuss supportability and consistency. *Id.* § 404.1520c(b)(2). Supportability means the more relevant the objective medical evidence and supporting explanations from the medical source, the more persuasive the medical opinion will be. *Id.* § 404.1520c(c)(1). Similarly, as to consistency, the more consistent a medical opinion is with the evidence from other sources, the more persuasive the medical opinion will be. *Id.* § 404.1520c(c)(2).

There is no requirement that an ALJ must refer to every piece of evidence in his decision, so long as his decision is not a broad rejection of the claimant's impairments, and the decision enables a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). Additionally, the ALJ may discredit subjective

complaints if he articulates explicit and adequate reasons for doing so. *Moore v. Barnhart*, 405 F.3d 1208, 1212-13 (11th Cir. 2005); *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). A "clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

Here, Ms. Martinez argues that the Magistrate Judge erred in affirming the ALJ's decision, which found Dr. Pellegrini's opinion unpersuasive. (Doc. 25 at 3). She alleges that the ALJ's supportability and consistency analysis was not supported by substantial evidence for two reasons. (*Id.*) First, Ms. Martinez argues that the ALJ's analysis of Dr. Pellegrini's opinion relied on cherry-picked objective findings while ignoring probative subjective evidence. (*Id.* at 2). Second, she argues that the Magistrate Judge relied on his own post-hoc rationalization to conclude that subjective evidence supported the ALJ's finding that Dr. Pellegrini's opinion was unpersuasive. (*Id.*).

As for Ms. Martinez's first argument—that the ALJ cherry-picked evidence and ignored subjective evidence—the Court is not persuaded. In his Report and Recommendation, the Magistrate Judge properly noted that the ALJ included enough detail for meaningful review. The record demonstrates that Dr. Pellegrini diagnosed Ms. Martinez with bipolar disorder after Ms. Martinez complained of having difficulty sustaining her attention and concentration, persisting on work related tasks, and being easily triggered by emotional events. (Doc. 12-7 at 183). To

that end, Dr. Pellegrini stated that these symptoms, coupled with Ms. Martinez's bipolar diagnosis, would inhibit her ability to work. (*Id.*).

But, as the Magistrate Judge correctly noted, the ALJ referred to the record and cited several reasons for discounting Dr. Pellegrini's conclusions and Ms. Martinez's subjective complaints. (Doc. 23 at 8). For instance, the ALJ pointed to record evidence that Ms. Martinez demonstrated normal attention and concentration (Doc. 12-7 at 5), logical thought processes (*id.*), fair insight and judgment (Doc. 12-7 at 182), normal memory (Doc. 12-7 at 172), and was cooperative and calm (Doc. 12-7 at 5). (Doc. 12-2 at 24–25). This is sufficient as the ALJ's discussion contained both a supportability and consistency analysis. Regarding supportability, the ALJ cited Dr. Pellegrini's opinion (Doc. 12-7 at 181), which showed that Ms. Martinez could concentrate and had normal memory function. (Doc. 12-2 at 24–25). As to consistency, the ALJ pointed to medical record evidence from other sources, showing that Dr. Pellegrini's conclusions conflicted with the reports of other medical sources. (*Id.*) As such, the ALJ's opinion here is supported by substantial evidence. And this Court will not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's. *Winschel*, 631 F.3d at 1178 (citation omitted).

As to Ms. Martinez's second argument—that the Magistrate Judge improperly relied on his own post-hoc rationalization—the Court is similarly unconvinced. Specifically, Ms. Martinez argues that the Magistrate Judge improperly used a post-hoc rationalization to conclude that subjective evidence

supported the ALJ's unpersuasive finding. (Doc. 25 at 2-3). But, as the Magistrate Judge correctly points out, the ALJ properly considered Ms. Martinez's subjective complaints. (Doc. 23 at 8). Specifically, Ms. Martinez complained of poor memory and concentration and testified that she dislikes interacting with others. (Doc. 12-2 at 21). In response to memory and concentration, the ALJ cited medical records by Dr. Morris (Doc. 12-7 at 171), Dr. Pellegrini (Doc. 12-7 at 181), and Dr. Leon (Doc. 12-7 at 210), which showed normal mental acuity, memory, attention span, and thought process. (Doc. 12-2 at 23–25). Further, the ALJ cited medical records demonstrating that Ms. Martinez was calm and cooperative (Doc. 12-7 at 5) and showed fair insight and judgment (*id.*). (Doc. 12-2 at 24–25). Accordingly, the Court finds that substantial evidence supports the ALJ's finding as to the persuasiveness of Dr. Pellegrini's medical opinion. The Magistrate Judge's findings are adopted as to these issues.

## CONCLUSION

In sum, the Court finds that the ALJ comprehensively analyzed the supportability and consistency of Dr. Pellegrini's opinion while assessing its persuasiveness as required by 20 C.F.R. § 404.1520c. Additionally, the Court finds that the ALJ's determination of the persuasiveness of Dr. Pellegrini's opinion is supported by substantial record evidence. Accordingly, the Court overrules Plaintiff's objection. Specifically, it agrees with the thorough and well-reasoned Report and Recommendation and adopts its findings and conclusions as to whether

the ALJ and Appeals Council properly obtained and considered Dr. Pellegrini's medical opinion. The ALJ's decision is due to be affirmed.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 25) is **OVERRULED**.

2. The entire Report and Recommendation (Doc. 23) is **ADOPTED** and made a part of this Order for all purposes.

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** at Fort Myers, Florida, on July 23, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

7